# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINOD RAO,<br><br>         Plaintiff,<br><br>v.<br><br>U.S. GOVERNMENT, et al.,<br><br>         Defendants. | Case No.: 24-cv-2015-BJC-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL;**<br><br>**(3) GRANTING MOTION TO ELECTRONICALLY FILE DOCUMENTS**<br><br>**[ECF Nos. 9, 12, 13]** |

  Before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 12), Motion to Appoint Counsel (ECF No. 13), and Motion for Leave to Electronically File Documents (ECF No. 9). On October 28, 2024, Plaintiff Vinod Rao, proceeding *pro se*, filed a complaint alleging he was wrongfully detained when he attempted to enter the United States at the "Cross Border Xpress (CBX) port of entry." ECF No. 1. Plaintiff asserts causes of action for violation of due process, false imprisonment, violation of the

Immigration and Nationality Act, and negligent handling of personal property under the Federal Tort Claims Act. *Id.* at 4.

Plaintiff did not prepay the filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 3. On that same date, Plaintiff also filed a motion to appoint counsel. ECF No. 2. On February 4, 2025, the Court denied the IFP request because Plaintiff did not provide the requisite "particularity, definiteness and certainty" to show that Plaintiff lacked the funds to pay the filing fee and "still afford the necessities of life." ECF No. 11; *see Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). The Court denied the request to appoint counsel because the Court had not yet had the opportunity to determine whether Plaintiff was indigent or to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 11.

Plaintiff now submits another Motion to Proceed IFP (ECF No. 12) and another Motion to Appoint Counsel (ECF No. 13). Plaintiff has also filed a Motion for Leave to Electronically File Documents. ECF No. 9. The Court discusses each motion is turn.

I. **Motion to Proceed IFP**

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); Civ.L.R. 4.5(a). However, pursuant to 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution, or defense of any suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

In his application, Plaintiff states that he has no income, has been unemployed for

the last two years, and has no assets. ECF No. 12. Plaintiff states that, since December 2024, he "has been residing with his parents at their house and they are currently providing for his basic needs." *Id.* at 6. He provides that "while his parents are financially supporting him, they are not providing funds for legal fees." *Id.* Based on these facts, the Court concludes that Plaintiff is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis*. ECF No. 12.

## II. Motion to Appoint Counsel

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Under 28 U.S.C. § 1915(e)(1), a court may "appoint counsel for indigent civil litigants" based on a showing of "exceptional circumstances." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir.2004), *cert. denied*, 545 U.S. 1128 (2005)).[1] In determining whether exceptional circumstances exist, the court considers (1) the "likelihood of success on the merits," and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 970 (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986)). The burden of demonstrating exceptional circumstances is on the plaintiff. *See Palmer*, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); *accord*, *Alvarez v. Jacquez*, 415 Fed. App'x. 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); *Simmons v. Hambly*, 14 Fed. App'x. 918, 919 (9th Cir. 2001) (same); *Davis v. Yarborough*, 459 Fed. App'x. 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).").

---

[1] Though Plaintiff purports to bring the motion to appoint counsel under 42 U.S.C. 2000e(f)(1) and 28 U.S.C. § 1915, section 2000c(f)(1) relates to appointment of counsel in federal employment discrimination cases, which is not applicable to Plaintiff's case. Thus, the Court will proceed only with the analysis under 28 U.S.C. § 1915, which allows for the appointment of counsel to indigent plaintiffs.

Courts have required that plaintiffs demonstrate they are indigent and that they have made a reasonably diligent effort to secure counsel before they are eligible for an appointed attorney. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. Oct. 25, 1993) (extending the "reasonably diligent effort" standard used in *Bradshaw v. Zoological Socy of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981) to requests made pursuant to 28 U.S.C. § 1915); *see also Verble v. United States,* No. 07-cv-0472 BEN (BLM), 2008 WL 2156327, 2008 WL 2156327 (S.D. Cal. May 22, 2008). Even after a plaintiff satisfies the two initial requirements of indigence and a diligent attempt to obtain counsel, "he is entitled to appointment of counsel only if he can [also] show exceptional circumstances." *Bailey,* 835 F. Supp. at 552 (citing *Wilborn,* 789 F.2d at 1331).

In the present case, Plaintiff has only satisfied one of the two threshold requirements for appointment of counsel under 28 U.S.C. § 1915(d). The Court acknowledged Plaintiff's indigence when it granted his motion to proceed *in forma pauperis*. However, Plaintiff has not satisfied the threshold requirement of showing that he made a reasonably diligent effort to secure counsel. *See Bailey*, 835 F. Supp. at 552. Plaintiff states that he is "unable to find an attorney willing to represent [him] on terms that [he] can afford." ECF No. 13 at ¶ 1(C). However, Plaintiff also states that he has not talked with any attorney about handling his claim. *Id.* at ¶ 4 ("Question: Have you talked with any attorney about handling your claim? Answer: No").

Requiring that litigants "make a reasonably diligent effort to secure counsel before asking the court to appoint counsel for them . . . is 'not [to] suggest that a plaintiff should be required to exhaust the legal directory before a court could appoint him an attorney. [H]owever, a person's diligence in attempting to obtain a lawyer to assist him may properly be considered by the district court in assessing the justness of the application for counsel.'" *Moore v. Raught*, No. 07-03836-VBF-JPR, 2014 WL 1795138, at *7 (C.D. Cal. Mar. 17, 2014) (brackets in original) (quoting *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). Here, "Plaintiff's lack of funds alone does not demonstrate that efforts to secure counsel necessarily would be futile." *Vera v. Gipson*,

No. 13cv870-AWI-MJS-PC, 2014 WL 807051, at *5 (E.D. Cal. Feb. 28, 2014). Plaintiff has not shown that he exhausted diligent efforts to secure counsel. Thus, he does not qualify for appointment of counsel under 28 U.S.C. § 1915(e)(1).

The Court also finds that the circumstances of the case do not present the required exceptional circumstances. "A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14-cv-2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016). Here, Plaintiff has not offered evidence in his motion suggesting that he is likely to succeed on the merits. Additionally, there is little before the Court regarding the merits of Plaintiff's case, other than assertions in the complaint. Thus, at this stage of the case, the Court cannot find that Plaintiff is likely to succeed on the merits. *See Bailey*, 835 F. Supp. at 552 (denying motion for appointment of counsel because plaintiff did not offer any evidence in the motion, and it was too early to determine whether any of his claims would succeed on the merits); *see also Reed v. Paramo*, No. 18-cv-361-JLS-LL, 2020 WL 2767358, at *2 (S.D. Cal. May 28, 2020) (denying motion for appointment of counsel, finding that it was "too early in the litigation to show a likelihood of success on the merits" when the parties had been conducting fact discovery for five months); *Arellano v. Blahnik*, No. 16-cv-2412-CAB-RNB, 2018 U.S. Dist. LEXIS 111256, at *4–5 (S.D. Cal. July 3, 2018) (denying motion for appointment of counsel, noting that "while the case is still in the discovery phase, the Court cannot determine whether or not plaintiff is likely to succeed on the merits" when the fact discovery period had been open for eight months).

As to the second factor of the exceptional circumstances test—Plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved—Plaintiff alleges he is unable to articulate his claims due to "several mental health conditions, including Post-Traumatic Stress Disorder (PTSD), depression, and Attention Deficit Hyperactivity Disorder (ADHD)." ECF No. 13 at 8. However, the papers filed by Plaintiff in this case reflect that he has an appreciation of the legal issues and standards, as well as an ability to express the same adequately in writing. The Court does not find

that, at present, Plaintiff cannot adequately articulate his claims *pro se*. Therefore, since Plaintiff has failed to show exceptional circumstances, even if Petitioner had established that he made a reasonably diligent effort to secure counsel, he would not qualify for appointment of counsel under 28 U.S.C. § 1915(e)(1). Plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**. ECF No. 13.

### III.     Motion For Leave to Electronically File Documents

Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." S.D. Cal. Civ.L.R. 5.4(a). However, with respect to *pro se* litigants, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." Electronic Case Filing Administrative Policies and Procedures Manual, § 2(b) (January 22, 2025), available at https://www.casd.uscourts.gov/rules/local-rules.aspx [hereinafter ECF Manual]. "A *pro se* party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id.* The ECF Manual refers to the Court's official website for CM/ECF technical specifications, which include a "[c]omputer running on Windows or Macintosh," "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as Adobe Acrobat 7.0 and higher, "[i]nternet access supporting a transfer rate of 56kb or higher," a compatible browser, a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)," and a PACER account. United States District Court, Southern District of California, CM/ECF Information: General Info, https://www.casd.uscourts.gov/cmecf.aspx (last visited June 2, 2025).

Here, Plaintiff affirms that he has satisfied the above requirements and already has a PACER account. ECF No. 9 at 2. Therefore, the Court **GRANTS** Plaintiff's Motion and **ORDERS** him to contact the Clerk's Office and confirm that he is registered as a user and subscriber to PACER pursuant to section 2(b) of the ECF Manual.

1  **IV.   Conclusion**

2     In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed *In*
3  *Forma Pauperis* (ECF No. 12), **DENIES WITHOUT PREJUDICE** Plaintiff's Motion
4  to Appoint Counsel (ECF No. 13), and **GRANTS** Plaintiff's Motion for Leave to
5  Electronically File Documents (ECF No. 9).

6     **IT IS SO ORDERED**.

7  Dated: June 16, 2025

*[signature]*

Honorable Benjamin J. Cheeks
United States District Judge